IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
2007 JUL 16 P 4:08

R. Ok

JEWELL L. ALLEN, )
)
      Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV206-196
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
      Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr., ("the ALJ" or "ALJ Gold") denying her claim for Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application[1] for Disability Insurance Benefits on November 21, 2003, alleging that she became disabled on September 30, 1999, due to lower back problems, headaches, dizziness, high blood pressure, neck pain, weakness down her left side, swelling around her neck and shoulder, bulging neck muscles, stumbling when

---

[1] Plaintiff previously filed two applications for Disability Insurance Benefits, one on February 1, 1996, and the second on December 28, 2001. Plaintiff alleged disability beginning on September 20, 1999, in her application dated December 28, 2001. Rather than file a request for review of ALJ G. William Davenport's denial, Plaintiff filed the application at issue in this case. ALJ Gold determined Plaintiff requested by implication that ALJ Davenport's decision be reopened, as Plaintiff's alleged onset date was the same in both applications. (Tr. at 15).

AO 72A
(Rev. 8/82)

walking, and memory problems. (Tr. at 16). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On August 26, 2005, ALJ Gold held a hearing at which Plaintiff appeared and testified via teleconference. Debra J. Horton, a vocational expert, also testified at this hearing. ALJ Gold found that Plaintiff was not disabled within the meaning of the Act. (Id.). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 12).

Plaintiff, born on May 9, 1948, was fifty-seven (57) years old when ALJ Gold issued his decision. She has a high school education. Her past relevant work experience includes employment as a case aide and wire machine operator. (Tr. at 16).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to

AO 72A
(Rev. 8/82)

preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to adjust to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of September 30, 1999, there was no evidence Plaintiff engaged in substantial gainful activity. (Tr. at 16). At Step Two, the ALJ determined Plaintiff had herniated discs of the lumbosacral spine and cervical spine, conditions considered "severe" under the Regulations. However, the ALJ also determined Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 20). The ALJ found Plaintiff had the residual functional capacity for light exertional work with the following restrictions: no climbing of ropes, ladders, or scaffolding; individual climbing of stairs and ramps; balancing, stooping, kneeling, crouching, and crawling for no more than two and one half hours in an 8 hour day; and avoidance of concentrated exposure to hazardous work environments. At the next step,

ALJ Gold concluded that Plaintiff could perform her past relevant work as a case aide, as it is performed 75% of the time in the national economy. (Tr. at 20).

## ISSUES PRESENTED

Plaintiff asserts ALJ Gold erred by: 1) improperly discrediting the opinions of her treating physicians; 2) failing to make proper credibility determinations; and 3) classifying her residual functional capacity without discussing all of her abilities to perform work at the light exertional level.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or

Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**I.     ALJ Gold's Consideration of Plaintiff's Treating Physicians' Opinions.**

Plaintiff contends ALJ Gold rejected Dr. Spencer Paterson's findings that she was unable to ride in a car for extended periods, stand or sit for a prolonged period, or bend repetitively. Plaintiff also contends ALJ Gold rejected Dr. Paterson's opinion that she was totally disabled. Plaintiff avers the ALJ improperly rejected Dr. Paterson's opinions, which is contrary to the Regulations, and gave significant weight to the opinion of a State Agency consultant who examined Plaintiff on one occasion. Plaintiff asserts the consulting physician's determination was not inconsistent with Dr. Paterson's findings and could not be used to discredit Dr. Paterson's findings. Plaintiff also asserts Dr. Paterson's opinions are similar to that of her other treating physician, Dr. David Shumans, who found Plaintiff's impairments would cause her to miss work more than three (3) times a month and that she was "totally disabled." (Pl.'s Br., p. 16).

Defendant alleges Dr. Paterson's and Dr. Shuman's opinions that Plaintiff was disabled are not medical opinions to which any special significance should be attached. Defendant also alleges Dr. Paterson's opinion as to Plaintiff's limitations was inconsistent with other substantial evidence of record, including the objective medical evidence.

It is well-established that the opinion of a treating physician "'must be given substantial or considerable weight unless good cause is shown to the contrary.'"

Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists when: (1) the treating physician's opinion is not supported by the record; (2) the record supports a finding inconsistent with the treating physician's opinion; or (3) the treating physician's opinion is conclusory or inconsistent with his own medical records. Id. at 1241. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Additionally, the "ultimate conclusion" that a plaintiff "is disabled is an opinion on an issue reserved for the Commissioner and, as such, is not entitled to controlling weight." Walker v. Barnhart, 158 Fed. Appx. 534, 535 (5th Cir. 2005). "A statement by a medical source" that a plaintiff is "'disabled' or 'unable to work' does not mean" the Commissioner "will determine that [a plaintiff is] disabled." 20 C.F.R. § 404.1527(e)(1).

ALJ Gold was not required to credit the opinions of Drs. Paterson and Shumans that Plaintiff was disabled and unable to work, as this determination is reserved for the Commissioner. Therefore, the ALJ did not err by failing to "credit" these opinions. However, ALJ Gold's decision to give "significant weight" to the consultative examination performed by Dr. Krishnan Chalam over the remainder of the findings of Drs. Paterson and Shumans is not supported by the correct legal standards.

Specifically, ALJ Gold noted he considered the opinions of Dr. Paterson and Dr. Shumans that Plaintiff "is totally disabled." (Tr. at 19). ALJ Gold also noted the MRI

AO 72A
(Rev. 8/82)

evidence showed no significant disc displacement, and x-ray evidence of the lumbar spine showed minimal degenerative lumbar spondylosis. ALJ Gold further noted he did not doubt Plaintiff experienced pain "but not to the extent of being disabled. There are no objective findings to support the limitations given by" Drs. Patterson and Shumans. (Id.). While these statements may satisfy the standards applicable to the ultimate determination of disability, these same statements do not present adequate or explicit reasons for discounting the findings of Plaintiff's treating physicians as to her supposed *limitations*. There is no explicit statement by ALJ Gold on what basis or bases he found the opinions of Drs. Paterson and Shumans regarding Plaintiff's limitations to be unsupported. While the Court could reason ALJ Gold implicitly rejected Plaintiff's treating physicians' opinions regarding her limitations by finding their disability determinations to be unsupported and improper, this is not the role of the Court. This case should be remanded so that it is made sufficiently clear what weight ALJ Gold gave to the limitations of Plaintiff's abilities, as found by her treating physicians, and what evidence in the record supports ALJ Gold's determination that Plaintiff's treating physicians' findings of limitations may or may not be supported by the record before him.

It is unnecessary to address Plaintiff's remaining enumerations of error.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**SO REPORTED** and **RECOMMENDED**, this 16th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

8